**LEWIS BRISBOIS BISGAARD & SMITH LLP**
SHAWN A. TOLIVER, SB# 148349
  E-Mail: Shawn.Toliver@lewisbrisbois.com
MARILOU R. BUSTONERA, SB# 203581
  E-Mail: Marilou.Bustonera@lewisbrisbois.com
BRANDON O, SB# 336976
  E-Mail: Brandon.O@lewisbrisbois.com
2185 North California Boulevard, Suite 300
Walnut Creek, California 94596
Telephone: 925.357.3456
Facsimile: 925.478.3260

Attorneys for Defendant
TESLA, INC. (erroneously sued herein as
TESLA MOTORS, INC.; TESLA, INC., and
TESLA COMPANIES, INC.)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUG FOX; MARY FOX, <br><br> Plaintiff, <br><br> vs. <br><br> TESLA MOTORS, INC.; TESLA, INC.; TESLA COMPANIES, INC.; 880 LOGISTICS CENTER ILP LLC; and DOES 1 to 50, <br><br> Defendant. | Case No. _____ <br><br> (Removed from Alameda County Superior Court – Case No. 25CV121927) <br><br> **DEFENDANT TESLA, INC.'S NOTICE OF REMOVAL** <br><br> Action Filed:　　May 6, 2025 <br> Trial Date:　　July 19, 2027 |

### NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Tesla, Inc. ("Defendant") hereby removes this civil action from the Superior Court of the State of California, County of Alameda, to the United States District Court for the Northern District of California. The grounds for removal are set forth below.

### NATURE OF THE ACTION

1. On or about May 6, 2025, Plaintiffs filed a civil action in the Superior Court of California, County of Alameda, captioned *Doug Fox; Mary Fox v. Tesla Motors, Inc.; Tesla, Inc., Tesla*

179911330.1

DEFENDANT TESLA, INC.'S NOTICE OF REMOVAL

*Companies, Inc.; 880 Logistics Center ILP LLC,; and DOES 1 to 50, inclusive*, Case No. 25CV121927, asserting claims arising out of an alleged slip and fall incident involving Tesla.

2. Plaintiff subsequently served a First Amended Complaint on June 23, 2026, naming Tesla, Inc. as the sole defendant.

## VENUE AND JURISDICTION

3. The United States District Court for the Northern District of California is the appropriate venue for removal pursuant to 28 U.S.C. § 1441(a) because the Northern District embraces Alameda County, where the state court action is pending.

4. This Court has jurisdiction under 28 U.S.C. §§ 1332 and 1441 because there is complete diversity between the parties and the amount in controversy exceeds $75,000.

## COMPLIANCE WITH STATUTORY REQUIREMENTS

5. In accordance with 28 U.S.C. § 1446(a), attached as Exhibit A are copies of all pleadings, process, and orders served in the state court action, including the First Amended Complaint.

6. No prior notices of removal have been filed in this action.

7. Defendant's removal is timely under 28 U.S.C. § 1446(b)(3). The initial pleading was not removable because it named a non-diverse California defendant (880 Logistics). The First Amended Complaint, served on June 23, 2026, is the first pleading from which it could be ascertained that the case is removable. This Notice of Removal is filed within 30 days of service of the First Amended Complaint.

8. Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly provide written notice of removal to Plaintiffs and will file a copy of this Notice of Removal with the Clerk of the Superior Court of California, County of Alameda.

## BASIS FOR REMOVAL

9. A civil action commenced in state court may be removed to federal district court provided the federal court has original jurisdiction. See 28 U.S.C. § 1441(a).

10. This Court has original jurisdiction under 28 U.S.C. § 1332(a).

/ / /

/ / /

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

179911330.1

2

DEFENDANT TESLA, INC.'S NOTICE OF REMOVAL

**COMPLETE DIVERSITY OF THE PARTIES**

11. At the time of the commencement of the action and at the time of removal, Plaintiffs are a citizen of California.

12. At the time of the commencement of the action and at the time of removal, Defendant Tesla, Inc. is a citizen of Texas (principal place of business) and Delaware (state of incorporation). See 28 U.S.C. § 1332(c).

13. Accordingly, there is complete diversity between Plaintiffs and Defendant.

**AMOUNT IN CONTROVERSY**

14. The amount in controversy requirement is satisfied. Although Defendant denies liability, the First Amended Complaint alleges serious personal injuries, permanent physical harm, ongoing pain and suffering, future medical treatment, and loss of earnings for Plaintiff Doug Fox. (FAC ¶¶ 15–17.) Plaintiff Mary Fox also alleges loss of consortium and loss of household services. (FAC ¶¶ 19–20.) Both Plaintiffs seek non-economic damages, economic damages including medical expenses and lost earnings, and other financial losses in excess of the jurisdictional minimum. (FAC Prayer.) Based on these allegations, the amount in controversy more likely than not exceeds $75,000. See 28 U.S.C. § 1332(a).

**CONCLUSION**

15. By removing this case, Defendant does not waive and is not estopped from raising any defenses available in state court.

16. In accordance with 28 U.S.C. § 1446(d), Defendant will promptly file a copy of this Notice of Removal with the Superior Court of California, County of Alameda, and will promptly provide written notice to all adverse parties.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

179911330.1

3

DEFENDANT TESLA, INC.'S NOTICE OF REMOVAL

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

WHEREFORE, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Tesla, Inc. removes this action from the Superior Court of California, County of Alameda, to the United States District Court for the Northern District of California.

DATED: July 20, 2026                         LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____
     SHAWN TOLIVER
     MARILOU R. BUSTONERA
     BRANDON O
     Attorneys for Defendant TESLA, INC.
     (erroneously sued herein as TESLA MOTORS,
     INC.; TESLA, INC., and TESLA COMPANIES,
     INC.)

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

# EXHIBIT A

## Service of Process Transmittal Summary

**TO:**   LEGAL DEPARTMENT - SOP
TESLA, INC.
C/O LEGAL DEPT, 3000 HANOVER ST.
PALO ALTO, CA 94304

**RE:**   **Process Served in California**

**FOR:**   Tesla, Inc.  (Domestic State: TX)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: DOUG FOX; MARY FOX // To: Tesla, Inc. |
| **DOCUMENT(S) SERVED:** | Summons, Cover Sheet, Attachment(s), Complaint, Notice(s), Certificate |
| **COURT/AGENCY:** | Superior Court of California, Alameda County, CA<br>Case # 25CV121927 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition - 05/10/2023 |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 05/21/2025 at 13:25 |
| **JURISDICTION SERVED:** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after this summons and legal papers are served on you (Document(s) may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | Matthew D. Haley<br>THE HALEY LAW OFFICES. P.C.<br>1633 San Pablo Avenue<br>Oakland, CA 94612<br>510-444-1881 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/22/2025, Expected Purge Date: 05/27/2025<br><br>Image SOP<br><br>Email Notification,  LEGAL DEPARTMENT - SOP  legalsop@tesla.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>8775647529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the



**CT Corporation**
**Service of Process Notification**
05/21/2025
CT Log Number 549191906

included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:** Wed, May 21, 2025
**Server Name:** DROP SERVICE

| Entity Served | TESLA INC |
|---|---|
| Case Number | 25CV121927 |
| Jurisdiction | CA |

| Inserts | | |
|---|---|---|
| | | |



**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

<table>
<tr><td></td><td>FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE)</td></tr>
</table>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

TESLA MOTORS, INC.; TESLA, INC., TESLA COMPANIES, INC.; 8
80 LOGISTICS CENTER ILP LLC.; and DOES 1 to 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

DOUG FOX; MARY FOX,

**ELECTRONICALLY FILED**
Superior Court of California
County of Alameda
05/06/2025
Chad Finke, Executive Officer / Clerk of the Court
By: _____ D. Franklin _____ Deputy

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is: Alameda County Superior Court
*(El nombre y dirección de la corte es):*
1225 Fallon Street, Oakland CA 94612

CASE NUMBER:
*(Número del Caso):*

**25CV121927**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Matthew D. Haley
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Haley Law Office, P.C., 1633 San Pablo Ave. Oakland, CA 94612 Tele: 510-444-1881 Fax: 510-444-5108

DATE:                                                    Clerk, by                                    , Deputy
*(Fecha)* 05/06/2025  Chad Finke, Executive Officer / Clerk of the Court  *(Secretario)* _____ D. Franklin _____ *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):*  TESLA, INC.

under: ☒ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Matthew D. Haley, Esq. 104493; Michael C. Haley, Esq. 326066<br>THE HALEY LAW OFFICES, P.C. 1633 San Pablo Avenue Oakland, California 94612-15<br><br>TELEPHONE NO.: (510) 444-1881      FAX NO. : (510) 444-5108<br>EMAIL ADDRESS: matt@haleylaw.com; michael@haleylaw.com<br>ATTORNEY FOR *(Name):* Plaintiffs DOUG FOX; MARY FOX | **ELECTRONICALLY FILED**<br>Superior Court of California<br>County of Alameda<br>05/09/2025 at 08:47:26 PM<br>By: Damaree Franklin,<br>Deputy Clerk |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland 94612
BRANCH NAME: Rene C. Davidson

CASE NAME:
Fox, et al. v Tesla Motors, Inc., et al.

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER:<br>25CV121927 |
|---|---|---|
| [x] **Unlimited**<br>(Amount demanded exceeds $35,000)   [ ] **Limited**<br>(Amount demanded is $35,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[x] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [x] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify):* One (1)
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 9, 2025
Matthew D. Haley
_____
(TYPE OR PRINT NAME)             (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only. **Page 1 of 2**

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2024] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice– Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

Matthew D. Haley, Esq.
State Bar No.: 104493
Michael C. Haley, Esq.
State Bar No.: 326066
THE HALEY LAW OFFICES. P.C.
1633 San Pablo Avenue
Oakland, CA 94612-1505
Telephone: (510) 444-1881
Facsimile: (510) 444-5108
Email: matt@haleylaw.com
Email: michael@haleylaw.com
Email: service@haleylaw.com

ELECTRONICALLY FILED
Superior Court of California
County of Alameda
05/06/2025 at 06:40:38 PM
By Damaree Franklin
Deputy Clerk

*Attorneys for Plaintiffs*
DOUG FOX and MARY FOX

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ALAMEDA-UNLIMITED JURISDICTION

| | |
|---|---|
| DOUG FOX; MARY FOX, <br><br> Plaintiff, <br><br> vs. <br><br> TESLA MOTORS, INC.; TESLA, INC., TESLA COMPANIES, INC.; 880 LOGISTICS CENTER ILP LLC.; and DOES 1 to 50, inclusive, <br><br> Defendants. | Case No.: 25CV121927 <br><br> **COMPLAINT FOR DAMAGES** |

**COMPLAINT FOR DAMAGES**

Plaintiffs allege:

## GENERAL ALLEGATIONS

1.    The true names or capacities, whether individual, corporate, associate or otherwise, of defendants Doe One to Doe Fifty are unknown to plaintiffs who therefore sue said defendants by such fictitious names. Plaintiffs will amend their complaint by inserting the true names or capacities, with appropriate charging allegations, when the same is ascertained. Plaintiffs are informed and believes and based thereon alleges that each of the defendants named herein as a Doe is negligently or in some other manner responsible for the events and happenings herein referred to and caused injury and damages thereby to the Plaintiffs as herein alleged.

2.    Plaintiffs are informed and believes and based thereon allege that at all times mentioned herein each defendant was the joint venturer, agent and/or employee of each other defendant and was acting within the course and scope of that joint venture, agency and/or employment.

3.    At all times herein mentioned, Defendant 880 LOGISTICS CENTER ILP LLC (hereinafter "880") is a California corporation that own, operates, manages, directs and leases a warehouse facility including a loading dock at 47400 Kato Road in Fremont, California where parts, hazardous materials and other items used in the manufacturing of Tesla vehicles are delivered.

4.    At all times herein mentioned, Defendant TESLA MOTORS, INC., TESLA, INC., and TESLA COMPANIES, INC. (hereinafter "TESLA") are foreign corporations that own, operate, manage and direct a warehouse facility including a loading dock at 47400 Kato Road in Fremont, California where parts and other items used in the manufacturing and construction of Tesla vehicles are delivered.

5.    At all times mentioned herein, Plaintiff DOUG FOX was married to and resided with Plaintiff MARY FOX.

6.    At all times mentioned herein, Plaintiff DOUG FOX, was a properly truck driver qualified and licensed to operate big rigs including tractors and trailers.

///

///

**COMPLAINT FOR DAMAGES**

7.    On May 10, 2023, Plaintiff DOUG FOX picked up a load of materials in Santa Clara, California and drove to 47400 Kato Road in Fremont, California where they were to be delivered and unloaded.

8.    At that time, Plaintiff DOUG FOX backed his tractor trailer into the loading bay of the facility and exited his truck to allow it to be emptied.

9.    Affixed to the wall of the loading dock was a long chain at the end of which was a chock block used to secure the wheels of the trailer while being unloaded.

10.    The chains are a tripping hazard for any person, including plaintiff DOUG FOX, who walks around the rear of the trailer and is a tripping hazard.

11.    On May 10, 2023, Plaintiff DOUG FOX walked behind the trailer as it was parked, tripped over the chain and fell, sustaining injuries.

**[FIRST CAUSE OF ACTION FOR NEGLIGENCE BY DOUG FOX AGAINST DEFENDANT TESLA and 880 and Does One through 10 inclusive]**

12.    Plaintiffs incorporate by reference paragraphs 1 -11 as though fully set forth herein.

13.    At said time and place, defendants, and each of them, were negligent and careless in maintenance of the property and as a result, the property was in a dangerous and defective condition that created a hazard for drivers and others at the facility.

14.    At that time, an area of the premises was in a dangerous and defective condition in the following ways, and others:

a.    The premises were not properly maintained;

b.    The unsafe chain had been created by defendant and placed in an area where drivers and others were certain to be walking.

c.    No signage or markings or warning paint had been placed to warn users of the presence of the dangerous chain.

d.    The chain was not required or needed in order to load or unload the trailers.

e.    The placement of the chain was done without proper investigation, analysis or permitting.

///

**COMPLAINT FOR DAMAGES**

f.      Lighting in the area behind the parked trucks and the loading dock where the chains lay were insufficient and it was difficult to see.

15.    Defendants, and each of them, had actual and constructive knowledge of said dangerous conditions long prior to the incident and failed to alleviate the danger or warn patrons of it.

16.    As a legal result of the actions of defendants, and each of them, as aforesaid, Plaintiff DOUG FOX fell was hurt and injured in his health, strength and activity, sustaining shock and injury to his nervous system and person, all of which said injuries have caused and continue to cause him great mental, physical and nervous pain and suffering. Plaintiff is informed and believes and based thereon alleges that said injuries will be permanent in nature, all to his general and non-economic damage within the jurisdictional limits of this court.

17.    As a further legal result of the negligence of defendants, and each of them, as aforesaid, plaintiff has required medical treatment and will continue to require medical treatment in the future. Medical and incidental expenses have been incurred and will continue to be incurred on Plaintiff's behalf. The exact amount of those expenses are unknown at this time but Plaintiff prays leave to amend his complaint to allege the exact amount when the same is ascertained.

18.    As a further legal result of the negligence of defendants, and each of them, as aforesaid, Plaintiff has lost and will continue to lose in the future earnings and/or the capacity to earn income. The exact amount of these losses are unknown at this time but Plaintiffs prays leave to amend his complaint to allege the exact amount when the same is ascertained.

WHEREFORE Plaintiff DOUG FOX prays for judgment as hereinafter set forth:

**[SECOND CAUSE OF ACTION FOR NEGLIGENCE AND LOSS OF CONSORTIUM BY MARY FOX AGAINST DEFENDANT TESLA and 880 and Does One through 10 inclusive]**

19.    Plaintiffs incorporate by reference paragraphs 1 -16 as though fully set forth herein.

20.    As a result of serious injuries to Plaintiff DOUG FOX, Plaintiff MARY FOX has sustained injuries and damage to their marriage and a loss of consortium including but not limited to the loss of love, society, care, comfort, affection, companionship, sexual relations, solace and moral support and said losses will continue in the future.

4

**COMPLAINT FOR DAMAGES**

21.   As a further legal result of serious injuries to Plaintiff DOUG FOX, Plaintiff MARY FOX has sustained a loss in the form of household services, and said losses will continue in the future.

WHEREFORE Plaintiff DOUG FOX prays for judgment as follows:

1.   For non-economic damages, according to proof, in excess of the minimum jurisdictional limit of this court;

2.   For economic damages for medical and related expenses, according to proof, in excess of the minimum jurisdictional limit of this court;

3.   For economic damages for loss of earning capacity, loss of earnings, loss of business, loss of profits, according to proof;

4.   For damages for Plaintiffs' other economic losses, according to proof;

5.   For interest, as permitted by law;

6.   For Plaintiffs' costs of suit incurred herein; and,

7.   For such other and further relief as the court deems just and proper.

WHEREFORE Plaintiff MARY FOX prays for judgment as follows:

1.   For non-economic damages, according to proof, in excess of the minimum jurisdictional limit of this court;

2.   For economic damages for medical and related expenses, according to proof, in excess of the minimum jurisdictional limit of this court;

3.   For economic damages for loss of earning capacity, loss of earnings, loss of business, loss of profits, according to proof;

4.   For damages for Plaintiffs' other economic losses, including loss of household services, according to proof;

5.   For interest, as permitted by law;

6.   For Plaintiffs' costs of suit incurred herein; and,

7.   For such other and further relief as the court deems just and proper.

///

///

**COMPLAINT FOR DAMAGES**

DATED: May 6, 2025

Respectfully Submitted,

THE HALEY LAW OFFICES, P.C.


By: _____
Matthew D. Haley, Esq.
Michael C. Haley, Esq.

*Attorneys for Plaintiffs*
DOUG FOX and MARY FOX

**COMPLAINT FOR DAMAGES**

| **SUPERIOR COURT OF CALIFORNIA COUNTY OF ALAMEDA** | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Hayward Hall of Justice<br>24405 Amador Street, Hayward, CA 94544 | **FILED**<br>Superior Court of California<br>County of Alameda<br>05/06/2025<br>Clad Flike Exec the Offer/Clerk of the Coin<br>By: _____ Deputy<br>D. Franklin |
| PLAINTIFF:<br>DOUG FOX et al | |
| DEFENDANT:<br>TESLA MOTORS, INC et al | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>25CV121927 |

TO THE PLAINTIFF(S)/ATTORNY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)).

Give notice of this conference to all other parties and file proof of service.

Your Case Management Conference has been scheduled on:

| | | |
|---|---|---|
| Date: 10/06/2025 | Time: 2:30 PM | Dept.: 518 |
| Location: Hayward Hall of Justice<br>24405 Amador Street, Hayward, CA 94544 | | |

TO DEFENDANT(S)/ATTORNEY(S) FOR DEFENDANT(S) OF RECORD:

The setting of the Case Management Conference does not exempt the defendant from filing a responsive pleading as required by law, you must respond as stated on the summons.

·TO ALL PARTIES who have appeared before the date of the conference must:

Pursuant to California Rules of Court, 3.725, a completed Case Management Statement (Judicial Council form CM-110) must be filed and served at least 15 calendar days before the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record.

**Meet and confer**, in person or by telephone as required by Cal. Rules of Court, rule 3.724.

**Post jury fees** as required by Code of Civil Procedure section 631.

If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30. Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

The judge may place a Tentative Case Management Order in your case's on-line register of actions before the conference. This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration. Check the court's eCourt Public Portal for each assigned department's procedures regarding tentative case management orders at https://eportal.alameda.courts.ca.gov.

Expedited Jury Trials

> If the parties agree, they may try the case in an Expedited Jury Trial. Code of Civ. Proc. § 630.01 et
> seq. In short, the parties would agree to the following: 8 jurors (6 must agree); 3 peremptory
> challenges per side; 5-hour time limit per side, unless otherwise agreed and approved; one to two
> court days for completion, unless otherwise agreed and approved; high/low arrangement option; and
> limited right to appeal. For additional information, please see the following links:
>
> - EJT-010-INFO* Expedited Jury Trial Information Sheet (ca.gov)
> - EJT-008 Agreement of Parties (Mandatory Expedited Jury Trial Procedures) (ca.gov)
> - EJT-020 [Proposed] Consent Order for Voluntary Expedited Jury Trial (ca.gov)

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA CIV-100 [Rev. 10/2021]

**NOTICE OF
CASE MANAGEMENT CONFERENCE**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Hayward Hall of Justice<br>24405 Amador Street, Hayward, CA 94544 | FILED<br>Superior Court of California<br>County of Alameda<br>05/06/2025<br>Chad Finke, Executive Officer / Clerk of the Court<br>By: _____ Deputy<br>D. Franklin |
| PLAINTIFF/PETITIONER:<br>DOUG FOX  et al | |
| DEFENDANT/RESPONDENT:<br>TESLA MOTORS, INC et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>25CV121927 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the attached document upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Oakland, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Matthew D Haley
Matthew D. Haley, Esq
1633 San Pablo Avenue
Oakland, CA 94612

Chad Finke, Executive Officer / Clerk of the Court

Dated: 05/09/2025　　　　　　　By:

D. Franklin, Deputy Clerk

**CERTIFICATE OF MAILING**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Hayward Hall of Justice<br><br>24405 Amador Street, Hayward, CA 94544 | **FILED**<br>Superior Court of California<br>County of Alameda<br>05/06/2025<br>Clad Fiuke, Executive Officer / Clerk of the Court<br>By: _____ Deputy<br>D. Franklin |
| PLAINTIFF(S):<br>DOUG FOX  et al | |
| DEFENDANT(S):<br>TESLA MOTORS, INC et al | |
| **NOTICE OF CASE ASSIGNMENT** | CASE NUMBER:<br>25CV121927 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Pursuant to Rule 3.734 of the California Rules of Court and Title 3 Chapter 2 of the Local Rules of the Superior Court of California, County of Alameda, this action is hereby assigned by the Presiding Judge for all purposes to:

ASSIGNED JUDGE: Mark Fickes
DEPARTMENT: 518
LOCATION: Hayward Hall of Justice
24405 Amador Street, Hayward, CA 94544
PHONE NUMBER: (510) 690-2727
FAX NUMBER:
EMAIL ADDRESS: Dept518@alameda.courts.ca.gov

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

Please note: In this case, any challenge pursuant to Code of Civil Procedures section 170.6 must be exercised within the time period by law. (See Code of Civ. Proc. §§ 170.6, subd. (a.)(2) and 1013)

NOTICE OF NONAVAILABILITY OF COURT REPORTERS: Effective June 4, 2012, the court will not provide a court reporter for civil law and motion hearings, any other hearing or trial in civil departments, or any afternoon hearing in Department 201 (probate). Parties may arrange and pay for the attendance of a certified shorthand reporter. In limited jurisdiction cases, parties may request electronic recording. Amended Local Rule 3.95 states: "Except as otherwise required by law, in general civil case and probate departments, the services of an official court reporter are not normally available. For civil trials, each party must serve and file a statement before the trial date indicating whether the party requests the presence of an official court reporter."

GENERAL PROCEDURES

Following assignment of a civil case to a specific department, all pleadings, papers, forms, documents and writings can be submitted for filing at either Civil Clerk's Office, located at the Rene C. Davidson Courthouse, Room 109, 1225 Fallon Street, Oakland, California, 94612, and the Hayward Hall of Justice, 24405 Amador Street, Hayward, California, 94544 and through Civil e-filing. Information regarding Civil e-filing can be found on the courts website. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

### NOTICE OF CASE ASSIGNMENT

ASSIGNED FOR ALL PURPOSES TO
JUDGE Mark Fickes
DEPARTMENT 518

All parties are expected to know and comply with the Local Rules of this Court, which are available on the court's website at http://www.alameda.courts.ca.gov/Pages.aspx/Local-Rules(1) and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

Parties must meet and confer to discuss the effective use of mediation or other alternative dispute processed (ADR) prior to the Initial Case Management Conference. The court encourages parties to file a "Stipulation to Attend ADR and Delay Initial Case Management Conference for 90 Days." The court's website contains this form and other ADR information. If the parties do not stipulate to attend ADR, the parties must be prepared to discuss referral to ADR at the Initial Case Management Conference.

COURT RESERVATIONS

The use of the Court Reservation System (CRS) is now mandated in many civil courtrooms within the Alameda County Superior Court. Instead of calling or emailing the courtroom to make a reservation, parties with a case assigned to a courtroom using CRS are directed to utilize CRS to make and manage their own reservations, within parameters set by the courtrooms. CRS is available 24 hours a day, seven days a week and reservations can be made from a computer or smart phone. Please note, you are prohibited from reserving more than one hearing date for the same motion.

Prior to scheduling any motion on CRS, including any Applications for Orders for Appearance and Examination, or continuing any motion, please review the online information (if any) for the courtroom in which you are reserving. There may be specific and important conditions associated with certain motions and proceedings. Information is available on the court's eCourt Public Portal at www.eportal.alameda.courts.ca.gov.

Chad Finke, Executive Officer / Clerk of the Court

By

D. Franklin, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT**



# Superior Court of California, County of Alameda
## Alternative Dispute Resolution (ADR) Information Packet

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross complainants must serve the ADR Information Packet on any new parties named to the action.

> The Court *strongly encourages* the parties to use some form of ADR before proceeding to trial. You may choose ADR by:
>
> - Indicating your preference on Case Management Form CM-110;
>
> - Filing the Stipulation to ADR and Delay Initial Case Management Conference for 90 Days (a local form included with the information packet); or
>
> - Agree to ADR at your Initial Case Management Conference.
>
> **QUESTIONS?** Call (510) 891-6055. Email adrprogram@alameda.courts.ca.gov
> Or visit the court's website at http://www.alameda.courts.ca.gov/adr

### What Are The Advantages Of Using ADR?

- *Faster* –Litigation can take years to complete but ADR usually takes weeks or months.

- *Cheaper* – Parties can save on attorneys' fees and litigation costs.

- *More control and flexibility* – Parties choose the ADR process appropriate for their case.

- *Cooperative and less stressful* – In mediation, parties cooperate to find a mutually agreeable resolution.

- *Preserve Relationships* – A mediator can help you effectively communicate your interests and point of view to the other side. This is an important benefit when you want to preserve a relationship.

### What Is The Disadvantage Of Using ADR?

- *You may go to court anyway* – If you cannot resolve your dispute using ADR, you may still have to spend time and money resolving your lawsuit through the courts.

### What ADR Options Are Available?

- *Mediation* – A neutral person (mediator) helps the parties communicate, clarify facts, identify legal issues, explore settlement options, and agree on a solution that is acceptable to all sides.

    o **Court Mediation Program**: Mediators do not charge fees for the first two hours of mediation. If parties need more time, they must pay the mediator's regular fees.

Some mediators ask for a deposit before mediation starts which is subject to a refund for unused time.

- **Private Mediation**: This is mediation where the parties pay the mediator's regular fees and may choose a mediator outside the court's panel.

- *Arbitration* – A neutral person (arbitrator) hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial and the rules of evidence are often relaxed. Arbitration is effective when the parties want someone other than themselves to decide the outcome.

  - **Judicial Arbitration Program** (non-binding): The judge can refer a case or the parties can agree to use judicial arbitration. The parties select an arbitrator from a list provided by the court. If the parties cannot agree on an arbitrator, one will be assigned by the court. There is no fee for the arbitrator. The arbitrator must send the decision (award of the arbitrator) to the court. The parties have the right to reject the award and proceed to trial.

  - **Private Arbitration** (binding and non-binding) occurs when parties involved in a dispute either agree or are contractually obligated. This option takes place outside of the courts and is normally binding meaning the arbitrator's decision is final.

### Mediation Service Programs In Alameda County

Low cost mediation services are available through non-profit community organizations. Trained volunteer mediators provide these services. Contact the following organizations for more information:

**SEEDS Community Resolution Center**
2530 San Pablo Avenue, Suite A, Berkeley, CA 94702-1612
Telephone: (510) 548-2377    Website: www.seedscrc.org
Their mission is to provide mediation, facilitation, training and education programs in our diverse communities – **S**ervices that **E**ncourage **E**ffective **D**ialogue and **S**olution-making.

**Center for Community Dispute Settlement**
291 McLeod Street, Livermore, CA 94550
Telephone: (925) 373-1035    Website: www.trivalleymediation.com
CCDS provides services in the Tri-Valley area for all of Alameda County.

*For Victim/Offender Restorative Justice Services*
**Catholic Charities of the East Bay: Oakland**
433 Jefferson Street, Oakland, CA 94607
Telephone: (510) 768-3100    Website: www.cceb.org
Mediation sessions involve the youth, victim, and family members work toward a mutually agreeable restitution agreement.

ALA ADR-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | *FOR COURT USE ONLY* |
|---|---|
| | |

TELEPHONE NO.:                        FAX NO. *(Optional)*:
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*:

**SUPERIOR COURT OF CALIFORNIA, ALAMEDA COUNTY**

STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS** | CASE NUMBER: |
|---|---|

**INSTRUCTIONS:  All applicable boxes must be checked, and the specified information must be provided.**

This stipulation is effective when:

- All parties have signed and filed this stipulation with the Case Management Conference Statement at least 15 days before the initial case management conference.
- A copy of this stipulation has been received by the ADR Program Administrator, 24405 Amador Street, Hayward, CA 94544 or Fax to (510) 267-5727.

1.  Date complaint filed: _____.  An **Initial Case Management Conference** is scheduled for:

    Date:                        Time:                        Department:

2.  Counsel and all parties certify they have met and conferred and have selected the following ADR process *(check one)*:

    ☐ Court mediation          ☐ Judicial arbitration

    ☐ Private mediation        ☐ Private arbitration

3.  All parties agree to complete ADR within 90 days and certify that:

    a.  No party to the case has requested a complex civil litigation determination hearing;
    b.  All parties have been served and intend to submit to the jurisdiction of the court;
    c.  All parties have agreed to a specific plan for sufficient discovery to make the ADR process meaningful;
    d.  Copies of this stipulation and self-addressed stamped envelopes are provided for returning endorsed filed stamped copies to counsel and all parties;
    e.  Case management statements are submitted with this stipulation;
    f.  All parties will attend ADR conferences; and,
    g.  The court will not allow more than 90 days to complete ADR.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____          ▶ _____
           (TYPE OR PRINT NAME)                              (SIGNATURE OF PLAINTIFF)

Date:

_____          ▶ _____

Page 1 of 2

| Form Approved for Mandatory Use Superior Court of California, County of Alameda ALA ADR-001 [New January 1, 2010] | **STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS** | Cal. Rules of Court, rule 3.221(a)(4) |
|---|---|---|

(TYPE OR PRINT NAME)                                    (SIGNATURE OF ATTORNEY FOR PLAINTIFF)

**ALA ADR-001**

| PLAINTIFF/PETITIONER: | CASE NUMBER.: |
|---|---|
| DEFENDANT/RESPONDENT: | |

Date:

_____          ▶ _____

(TYPE OR PRINT NAME)                                    (SIGNATURE OF DEFENDANT)   .

Date:

_____          ▶ _____

(TYPE OR PRINT NAME)                                    (SIGNATURE OF ATTORNEY FOR DEFENDANT)

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA ADR-001 [New January 1, 2010]

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR)
AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

Cal. Rules of Court,
rule 3.221(a)(4)

ELECTRONICALLY FILED
Superior Court of California,
County of Alameda
06/23/2025 at 03:49:49 PM
By: Darnekia Oliver,
Deputy Clerk

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
SHAWN A. TOLIVER, SBN 148349
  E-Mail: Shawn.Toliver@lewisbrisbois.com
MARILOU R. BUSTONERA, SB# 203581
  E-Mail: Marilou.Bustonera@lewisbrisbois.com
BRANDON O, SB# 336976
  E-Mail: Brandon.O@lewisbrisbois.com
2185 North California Boulevard, Suite 300
Walnut Creek, California 94596
Telephone: 925.357.3456

Attorneys for Defendant
TESLA, INC. (erroneously sued herein as
TESLA MOTORS, INC.; TESLA, INC., and
TESLA COMPANIES, INC.)

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA, HAYWARD HALL OF JUSTICE

| | |
|---|---|
| DOUG FOX; MARY FOX, | Case No. 25CV121927 |
| Plaintiffs, | **DEFENDANT TESLA, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT** |
| vs. | |
| TESLA MOTORS, INC.; TESLA, INC., TESLA COMPANIES, INC.; 880 LOGISTICS CENTER ILP LLC,; and DOES 1 to 50, inclusive, | Action Filed:      May 6, 2025<br>Trial Date:        None Set |
| Defendants. | |

Defendant TESLA, INC. (erroneously sued herein as TESLA MOTORS, INC.; TESLA, INC., and TESLA COMPANIES, INC.) ("Defendant") hereby answers the Complaint of Plaintiffs DOUG FOX; MARY FOX ("Plaintiffs'") as follows:

**GENERAL DENIAL**

Pursuant to the provisions of California Code of Civil Procedure § 431.30, Defendant generally and specifically deny each and every allegation contained in the Complaint, and deny Plaintiff sustained any damages or will sustain any damages by reason of any act or omission on the part of Defendant, and deny Plaintiff had been damaged at all, and in any amount, whatsoever.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## AFFIRMATIVE DEFENSES

Defendant further asserts the following affirmative defenses. By asserting these defenses, Defendant does not concede that they have the burden of production or proof as to any affirmative defense asserted below. Moreover, Defendant does not presently know all the factors concerning the conduct of Plaintiff sufficient to state all affirmative defenses at this time. Accordingly, Defendant will seek leave to amend this Answer should they later discover facts demonstrating the existence of additional affirmative defenses. As for separate, distinct, and affirmative defenses, Defendant alleges:

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

1. As a first, separate, and affirmative defense to the Complaint, and each count thereof, Defendant alleges that the Complaint fails to state facts sufficient to constitute a cause of action for which relief may be granted against Defendant.

### SECOND AFFIRMATIVE DEFENSE

### (Liability of Others/Contribution)

2. As a second, separate, and affirmative defense to the Complaint, Defendant alleges that, if it is determined that Plaintiff sustained any damages as alleged in the Complaint, those damages were legally caused or contributed to by persons other than Defendant.

### THIRD AFFIRMATIVE DEFENSE

### (Laches)

3. As a third, separate, and affirmative defense to the Complaint, Defendant alleges that the Complaint, and each and every cause of action contained therein, fails because Plaintiff inexcusably and unreasonably delayed in commencement of the within action against Defendant.

### FOURTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

4. As a fourth, separate, and affirmative defense to the Complaint, and each cause of action contained therein, Defendant alleges that Plaintiff is barred from recovery against Defendant by reason of unclean hands.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**FIFTH AFFIRMATIVE DEFENSE**

**(No Duty)**

5.    As a fifth, separate, and affirmative defense to the Complaint, Defendant alleges that the Complaint, and each and every cause of action contained therein, is barred from any recovery or relief by virtue of the absence of any duty owing from Defendant to Plaintiff.

**SIXTH AFFIRMATIVE DEFENSE**

**(No Breach of Duty)**

6.    As a sixth, separate, and affirmative defense to the Complaint, Defendant alleges that the Complaint, and each and every cause of action contained therein, is barred from any recovery or relief by virtue of the fact that Defendant has not breached any duty owing to Plaintiff.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Third Party Fault)**

7.    As a seventh, separate, and affirmative defense to the Complaint, Defendant alleges that the damages alleged in the Complaint, if any, were caused, in whole or in part, by the negligence or fault of others for which Defendant is not liable or responsible.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Intervening/Superseding Cause)**

8.    As an eighth, separate, and affirmative defense to the Complaint, Defendant alleges that the damages sustained by Plaintiff, if any, were proximately caused by the intervening and superseding acts of others, which acts as a bar and/or diminishes Plaintiff's recovery, if any, against Defendant.

**NINTH AFFIRMATIVE DEFENSE**

**(Defendants are not the Actual or Proximate Cause of Plaintiff's Damages)**

9.    As a ninth, separate, and affirmative defense to the Complaint, and each and every cause of action contained therein, Defendant alleges that it was not the actual or proximate cause of any of the damages, if any, alleged in the Complaint.

/ / /

/ / /

**DEFENDANT TESLA, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT**

## TENTH AFFIRMATIVE DEFENSE

### (Comparative Fault of Plaintiff)

10.     As a tenth, separate, and affirmative defense to the Complaint, Defendant alleges that Plaintiff is barred from any recovery herein on the basis that Plaintiff's own negligence was the sole and proximate cause of the accident and injuries sustained herein, if any, but in the event a finding is made that negligence exists on the part of Defendant which proximately contributed to Plaintiff's injuries and/or damages, the amount of recovery, if any, shall be reduced on the basis of Plaintiff's own comparative negligence which contributed to the accident herein and the injuries and/or damages and claims upon which Plaintiff is seeking recovery against Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Apportionment)

11.     As an eleventh, separate, and affirmative defense to the Complaint, Defendant denies any and all liability to the Plaintiff, but if Defendant is found liable, the responsibility of it is small in proportion to the alleged liability and responsibility of the other party, and Plaintiff should be limited to seek and recover from Defendant only that proportion of alleged injuries and damages for which he is liable and responsible under any applicable theory.

## TWELFTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

12.     As an twelfth, separate, and affirmative defense to the Complaint, Plaintiff's Complaint and causes of action therein are barred by the applicable statute of limitations.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

13.     As a thirteenth, separate, and affirmative defense to the Complaint, Defendant alleges that Plaintiff's damages, if any, should be reduced or eliminated as a result of Plaintiff's failure to properly mitigate their damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Assumption of The Risk)

14.     As a fourteenth, separate, and affirmative defense to the Complaint, Plaintiff is

158303576.1                                4                              Case No. 25CV121927

**DEFENDANT TESLA, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT**

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

barred from asserting any claim against Defendant by reason of Plaintiff's assumption of the risk of the matters causing the injuries and damages incurred, if any.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Failure to Use Reasonable Diligence)

15.    As a fifteenth, separate, and affirmative defense to the Complaint, Defendant is informed and believe and thereon alleges that the Plaintiff's injuries, losses or damages, if any, were aggravated by Plaintiff's failure to use reasonable diligence.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Reservation of Defense)

16.    As a sixteenth, separate, and affirmative defense to the Complaint, and each and every cause of action contained therein, Defendant hereby reserves the right to assert any additional defenses as may be applicable to this action as further discovery herein may warrant.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

158303576.1                                     5                          Case No. 25CV121927

**DEFENDANT TESLA, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT**

## PRAYER FOR RELIEF

**WHEREFORE,** Defendant respectfully prays for judgment as follows:

1.      That Plaintiff is awarded nothing in this action, and the action is dismissed with prejudice;

2.      That judgment is entered in favor of Defendant;

3.      That the trier of fact determines what percentage of the combined fault or other liability of all persons whose fault or other liability proximately caused Plaintiff's alleged damages is attributable to each person;

4.      That any judgment for damages against Defendant, in favor of Plaintiff, be no greater than an amount which equals Defendant's proportionate share, if any, of the total fault or other liability which proximately caused Plaintiff's damages;

5.      That Defendant be awarded costs of this suit; and

6.      That the Court orders such other and further relief as the Court may deem just and proper.

DATED:  June 18, 2025                    LEWIS BRISBOIS BISGAARD & SMITH LLP


By:      _____

SHAWN A. TOLIVER
MARILOU R. BUSTONERA
BRANDON O
Attorneys for Defendant TESLA, INC.
(erroneously sued herein as TESLA MOTORS, INC.; TESLA, INC., and TESLA COMPANIES, INC.)

158303576.1                              6                              Case No. 25CV121927
**DEFENDANT TESLA, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT**

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**CALIFORNIA STATE COURT PROOF OF SERVICE**
Doug Fox, et al. v. Tesla Motors, Inc., et al
Case No. 25CV121927

STATE OF CALIFORNIA, COUNTY OF ALAMEDA

At the time of service, I was over 18 years of age and not a party to this action.  My business address is 2185 North California Boulevard, Suite 300, Walnut Creek, CA 94596.

On June 18, 2025, I served true copies of the following document(s):  DEFENDANT TESLA, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

| | |
|---|---|
| Matthew D. Haley<br>Michael C. Haley<br>**THE HALEY LAW OFFICES, P.C.**<br>1633 San Pablo Avenue<br>Oakland, Ca 94612<br>T: 510.444.1881<br>F: 510.44.5108<br>E: matt@haleylaw.com<br>E: michael@haleylaw.com | ***Attorneys for Plaintiffs***<br>Doug Fox; Mary Fox |

The documents were served by the following means:

☒    (BY E-MAIL OR ELECTRONIC TRANSMISSION)  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent from e-mail address josette.castro@lewisbrisbois.com to the persons at the e-mail addresses listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 18, 2025, at Walnut Creek, California.

_____
Josette Castro



158303576.1                                    8                        Case No. 25CV121927
**DEFENDANT TESLA, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT**

**LEWIS BRISBOIS BISGAARD & SMITH** LLP
SHAWN A. TOLIVER, SB# 148349
  E-Mail: Shawn.Toliver@lewisbrisbois.com
MARILOU R. BUSTONERA, SB# 203581
  E-Mail: Marilou.Bustonera@lewisbrisbois.com
BRANDON O, SB# 336976
  E-Mail: Brandon.O@lewisbrisbois.com
2185 North California Boulevard, Suite 300
Walnut Creek, California 94596
Telephone: 925.357.3456
Facsimile: 925.478.3260

Attorneys for Defendant
TESLA, INC.

<div align="center">

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA, RENE C. DAVIDSON COURTHOUSE

</div>

| | |
|---|---|
| Doug Fox; Mary Fox,<br><br>                    Plaintiff,<br><br>        vs.<br><br>Tesla Motors, Inc.; Tesla, Inc.; Tesla Companies, Inc.; 880 Logistics Center ILP LLC; and DOES 1 to 50,<br><br>                    Defendant. | Case No. 25CV121927<br><br>**DEFENDANT TESLA, INC.'S NOTICE OF POSTING JURY FEES**<br><br>Trial Date:            None Set |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

        **PLEASE TAKE NOTICE**, that pursuant to Code of Civil Procedure section 631(b), Defendants TESLA, INC. (erroneously sued herein as TESLA MOTORS, INC.; TESLA, INC.; and TESLA COMPANIES, INC.) hereby submit their Jury Fee Deposit to the Court in the amount of One Hundred Fifty ($150.00) Dollars and hereby demand a trial by jury.

/ / /

/ / /

/ / /

/ / /

/ / /

Electronically Received 09/22/2025 03:54 PM


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

DATED:  September 22, 2025    SHAWN A. TOLIVER
MARILOU R. BUSTONERA
BRANDON O
LEWIS BRISBOIS BISGAARD & SMITH LLP


By: _____
BRANDON O
Attorneys for Defendant TESLA, INC.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

2
DEFENDANT TESLA, INC.'S NOTICE OF POSTING JURY FEES

**CALIFORNIA STATE COURT PROOF OF SERVICE**
Doug Fox, et al. v. Tesla Motors, Inc., et al
Case No. 25CV121927

STATE OF CALIFORNIA, COUNTY OF ALAMEDA

At the time of service, I was over 18 years of age and not a party to this action. My business address is 2185 North California Boulevard, Suite 300, Walnut Creek, CA 94596.

On September 22, 2025, I served true copies of the following document(s): DEFENDANT TESLA, INC.'S NOTICE OF POSTING JURY FEES

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

| Matthew D. Haley<br>Michael C. Haley<br>**THE HALEY LAW OFFICES, P.C.**<br>1633 San Pablo Avenue<br>Oakland, Ca 94612<br>T: 510.444.1881<br>F: 510.44.5108<br>E: matt@haleylaw.com<br>E: michael@haleylaw.com | ***Attorneys for Plaintiffs***<br>Doug Fox; Mary Fox |
|---|---|

The documents were served by the following means:

☒    (BY E-MAIL OR ELECTRONIC TRANSMISSION)  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent from e-mail address josette.castro@lewisbrisbois.com to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 22, 2025, at Walnut Creek, California.

_____
Josette Castro

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

3

DEFENDANT TESLA, INC.'S NOTICE OF POSTING JURY FEES

Matthew D. Haley, Esq.
State Bar No.: 104493
Michael C. Haley, Esq.
State Bar No.: 326066
THE HALEY LAW OFFICES. P.C.
1633 San Pablo Avenue
Oakland, CA 94612-1505
Telephone: (510) 444-1881
Facsimile: (510) 444-5108
Email: matt@haleylaw.com
Email: michael@haleylaw.com
Email: service@haleylaw.com
*Attorneys for Plaintiffs*

DOUG FOX and MARY FOX

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF ALAMEDA -UNLIMITED JURISDICTION**

| | |
|---|---|
| DOUG FOX; MARY FOX,<br><br>                    Plaintiff,<br><br>vs.<br><br>TESLA MOTORS, INC.; TESLA, INC., TESLA COMPANIES, INC.; 880 LOGISTICS CENTER ILP LLC.; and DOES 1 to 50, inclusive,<br><br>                    Defendants. | Case No.: 25CV121927<br><br>**PLAINTIFFS' DEMAND FOR JURY AND NOTICE OF DEPOSIT OF JURY FEES. [CCP § 631]**<br><br>*Assigned for All Purposes to Honorable Judge Mark Fickes*<br>Dept.:    518<br><br>Complaint Filed:    May 6, 2025<br>Trial Date:         Not yet set |

1

**PLAINTIFFS' DEMAND FOR JURY AND NOTICE OF DEPOSIT OF JURY FEES. [CCP § 631]**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Code of Civil Procedure § 631, Plaintiffs hereby demand a trial by jury and hereby advances jury fees in the amount of $150.00.

DATED:  September 19, 2025

Respectfully Submitted,

THE HALEY LAW OFFICES, P.C.

By: _____
Matthew D. Haley, Esq.
Michael C. Haley, Esq.

*Attorneys for Plaintiffs*
DOUG FOX and MARY FOX

2
**PLAINTIFFS' DEMAND FOR JURY AND NOTICE OF DEPOSIT OF JURY FEES. [CCP § 631]**

**PROOF OF SERVICE**

I, the undersigned, declare as follows: I am over 18 years of age and not a party to the within action. My business address is 1633 San Pablo Avenue, Oakland, California, 94612-1505, which is located in the county where the mailing described below took place. Law Firm email: **service@haleylaw.com.** On the date listed below, I served the foregoing document(s) described as

**PLAINTIFFS' DEMAND FOR JURY AND NOTICE OF DEPOSIT OF JURY FEES.**
**[CCP § 631]**

☐ (U.S. MAIL) by placing the document listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Oakland, California addressed as set forth below:

☒ (EMAIL) by transmitting via email based on a court order or an agreement of the parties to accept service by email or electronic transmission, I caused the documents to be sent to the persons at the email address(es) listed below or on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ (CARRIER DELIVERY) by causing personal delivery by carrier of the documents listed above to the person(s) at the address(es) set forth below:

☐ (PERSONAL DELIVERY) by personally delivering the document(s) listed above to the person(s) set forth below:

| | |
|---|---|
| Marilou R. Bustonera, Esq.<br>Brandon O, Esq.<br>LEWIS BRISBOIS BISGAARD & SMITH LLP<br>2185 North California Boulevard, Suite 300<br>Walnut Creek, California 94596<br>Telephone: 925-357-3456<br>Marilou.Bustonera@lewisbrisbois.com<br>Brandon.O@lewisbrisbois.com<br>Josette.Castro@lewisbrisbois.com | *Attorneys for Defendants*<br>TESLA, INC. (erroneously sued herein as<br>TESLA MOTORS, INC.; TESLA, INC.,<br>and TESLA COMPANIES, INC.) |
| David A. Weinberger, Esq.<br>CHAPMAN GLUCKSMAN<br>A PROFESSIONAL CORPORATION<br>11900 West Olympic Boulevard, Suite 500<br>Los Angeles, California 90064-0704<br>Tel: (310) 207-7722<br>Fax: (310) 207-6550<br>dweinberger@cgdrlaw.com<br>service@cgdrlaw.com | *Attorneys for Defendant*<br>880 LOGISTICS CENTER ILP LLC |

-1-
**PROOF OF SERVICE**

shudnall@cgdrlaw.com

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 19, 2025 at Oakland, California.

Kat Nguyen

**PLAINTIFFS' DEMAND FOR JURY AND NOTICE OF DEPOSIT OF JURY FEES. [CCP § 631]**

ELECTRONICALLY FILED
Superior Court of California
County of Alameda
07/10/2025
Chad Finke, Executive Officer / Clerk of the Court
By: _____ D. Drew _____ Deputy

**David A. Weinberger, Esq., Bar No. 192224**
**CHAPMAN GLUCKSMAN**
A PROFESSIONAL CORPORATION
11900 WEST OLYMPIC BOULEVARD, SUITE 500
LOS ANGELES, CALIFORNIA 90064-0704
TEL: (310) 207-7722 • FAX: (310) 207-6550
eService: service@cgdrlaw.com

Attorneys for Defendant/Cross-Complainant, 880
LOGISTICS CENTER ILP, LLC

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF ALAMEDA, NORTHERN DISTRICT**

| | |
|---|---|
| DOUG FOX; MARY FOX, | Case No.: 25CV121927 |
| Plaintiffs, | Complaint Filed: May 9, 2025 |
| v. | Assigned for All Purposes to:<br>Judge: Hon. Mark Fickes<br>Dept: 518 - Hayward Hall of Justice |
| TESLA MOTORS, INC.; TESLA, INC., TESLA COMPANIES, INC.; 880 LOGISTICS CENTER ILP LLC.; and DOES 1 to 50, inclusive, | **CROSS-COMPLAINT FOR:** |
| Defendants, | 1. **INDEMNITY;**<br>2. **CONTRIBUTION;**<br>3. **APPORTIONMENT; and**<br>4. **DECLARATORY RELIEF** |
| 880 LOGISTICS CENTER ILP, LLC | |
| Cross-Complainant, | Trial Date: None Set |
| v. | |
| ROES 1 to 50, inclusive, | |
| Cross-Defendants | |

Defendant/Cross-Complainant, 880 LOGISTICS CENTER ILP, LLC, hereby alleges as causes of action against cross-defendants, and each of them, as follows:

/ / /

0706.010

1
CROSS-COMPLAINT

**FIRST CAUSE OF ACTION**

**(For Indemnity Against All Cross-Defendants)**

1.      The true names and capacities, whether individual, corporate, associate or otherwise of cross-defendants named herein as ROES 1 through 20, inclusive are unknown to cross-complainant, which therefore sues such cross-defendants by such fictitious names, and that cross-complainant will seek leave to amend this cross-complaint to show their true names and capacities when the same have been ascertained.

2.      Cross-complainant is informed and believes, and thereon alleges, that said cross-defendants designated herein as ROES are responsible in some manner for the happenings and events hereinafter alleged, and negligently or otherwise caused injury and/or damages as herein alleged.

3.      Each cross-defendant is an agent, partner, principal, servant and/or employee of the remaining cross-defendants, and in so doing the things hereinafter alleged were acting within the course and scope of such agency, service and employment.

4.      Cross-complainant filed its Answer to plaintiff's Complaint herein on or about May 6, 2025  Said answer is fully incorporated herein and made a part hereof by reference.

5.      By said answer to said cross-complaint, cross-complainant denied, and still denies, that any act or omission of itself or of its employees, agents, principals, or other representatives at any time or at any place, in any manner whatsoever, caused or contributed to any of the injuries and/or damages which plaintiff alleges to have sustained or to be now sustaining.

6.      Cross-complainant is informed and believes, and thereupon alleges that cross-defendants and ROES 1 through 20, inclusive, and each of them, were negligent and/or otherwise wrongful or tortious with respect to plaintiff.

7.      Cross-complainant was not aware of any of the aforementioned negligence and/or other conduct and did not participate in and/or acquiesce to said negligence or the conduct of cross-defendants. The negligence and/or otherwise wrongful conduct of cross-defendants, and each of them, proximately caused and contributed to the damages and/or injuries referred to in plaintiff's Complaint.

CHAPMAN GLUCKSMAN, P.C.
11900 WEST OLYMPIC BOULEVARD, SUITE 500
LOS ANGELES, CALIFORNIA 90064
TELEPHONE (310) 207-7722 | FAX (310) 207-6550
SERVICE@CGDRLAW.COM

0706.010                                      2
CROSS-COMPLAINT

CHAPMAN GLUCKSMAN, P.C.
11900 WEST OLYMPIC BOULEVARD, SUITE 500
LOS ANGELES, CALIFORNIA 90064
TELEPHONE (310) 207-7722 | FAX (310) 207-6550
SERVICE@CGDRLAW.COM

8.    If it is determined that cross-complainant is liable to plaintiff, then cross-complainant is entitled to recovery as indemnity from said cross-defendants, that portion of the judgment in the primary action as contributable to the percentage of comparative fault assessed or assessable against each cross-defendant.

9.    Cross-complainant is incurring and has incurred attorney's fees, court costs, investigative costs, and other costs in connection with defending against plaintiff's Complaint, the exact amount of which are unknown at this time.  When same have been ascertained, cross-complainant will seek leave of the court to amend this cross-complaint and set forth the true nature and said costs and expenses.

## SECOND CAUSE OF ACTION

### (For Declaratory Relief Against All Cross-Defendants)

10.    Cross-complainant refers to and incorporates herein by reference each and every allegation of the First Cause of Action as though fully set forth at length.

11.    Cross-defendant, and each of them, have refused to defend, indemnify and hold harmless cross-complainant.  By reason of cross-defendants' refusal to defend, indemnify and hold cross-complainant harmless regarding the alleged injuries and damages to plaintiff's, a dispute has arisen and an actual controversy between cross-complainant and cross-defendants, concerning the respective rights, duties and obligations to indemnify cross-complainant exists.  For the above reasons, cross-complainant is entitled to a declaration of rights and duties of cross-defendants and each of them, to cross-complainant.

## THIRD CAUSE OF ACTION

### (For Apportionment Against All Cross-Defendants)

12.    Cross-complainant refers to and incorporates herein by reference, each and every allegation to the First Cause of Action as though fully set forth at length herein.  Further, cross-complainant refers to and incorporates herein by reference, each and every allegation to the last paragraph of the Second Cause of Action as though fully set forth at length herein.

13.    By reason of the foregoing, cross-complainant is entitled to a declaration with respect to the portion of negligence, fault and/or other liability of cross-defendants, and each of

0706.010

3

CROSS-COMPLAINT

them, which proximately contributed to or caused plaintiff's alleged damages herein, if any.

## FOURTH CAUSE OF ACTION

### (For Contribution Against All Cross-Defendants)

14. Cross-complainant refers to and incorporates herein by reference each and every allegation of the paragraphs of the First Cause of Action and the last paragraph of the Second Cause of Action as though fully set forth at length herein.

15. Cross-complainant contends it is not legally responsible for the damages alleged in plaintiff's Complaint. However, if cross-complainant is ultimately held liable for all or any part of the causes of action and claimed damages alleged against it, then cross-defendants, and each of them, to the extent their fault is determined by the court, are obligated to reimburse and are liable to cross-complainant for all or any liability assessed by way of contribution, and cross-complainant accordingly assert herein its right herein to contribution from cross-defendants, and each of them.

WHEREFORE, cross-complainant prays for judgment as follows:

1. If cross-complainant is held liable for judgment in favor of plaintiff that judgment in the same amount be entered against cross-defendants, and each of them, and in favor of cross-complainant;

2. For an order that cross-complainant is entitled to be fully indemnified by cross-defendants, and each of them, for any settlement and/or compromises entered into by cross-complainant with plaintiff;

3. For a declaration of the portion of negligence and/or fault of cross-defendants, and each of them, which proximately contributed to and/or caused alleged plaintiff's damages, and for recourse upon the order, each cross-defendant be required to reimburse cross-complainant in that proportionate share for any judgment which cross-complainant may be required to pay;

4. For a declaration of the rights and duties of the parties relative to cross-complainant;

5. For cross-complainant's costs of suit incurred herein, as well as all attorney's fees and investigative costs incurred by cross-defendant in defending against plaintiff's complaint or any subsequent operative pleading, according to proof, as against each cross-defendant; and,

CHAPMAN GLUCKSMAN, P.C.
11900 WEST OLYMPIC BOULEVARD, SUITE 500
LOS ANGELES, CALIFORNIA 90064
TELEPHONE (310) 207-7722 | FAX (310) 207-6550
SERVICE@CGDRLAW.COM

0706.010

4

CROSS-COMPLAINT

6. For such other and further relief that the court deems just and proper.


DATED:   July 10, 2025

**CHAPMAN GLUCKSMAN**
A Professional Corporation


By: _____
**DAVID A. WEINBERGER**
Attorneys for Defendant/Cross-Complainant, 880
LOGISTICS CENTER ILP, LLC

**CHAPMAN GLUCKSMAN, P.C.**
11900 WEST OLYMPIC BOULEVARD, SUITE 500
LOS ANGELES, CALIFORNIA 90064
TELEPHONE (310) 207-7722 | FAX (310) 207-6550
SERVICE@CGDRLAW.COM

0706.010

5

CROSS-COMPLAINT

**PROOF OF SERVICE**

**STATE OF CALIFORNIA**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 11900 W. Olympic Boulevard, Suite 800, Los Angeles, California 90064.

On **July 10, 2025**, I served the foregoing document described as **DEFENDANT/CROSS-COMPLAINANT, 880 LOGISTICS CENTER ILP, LLC CROSS-COMPLAINT**   on the parties in this action by placing a true copy(ies) or the original(s) thereof enclosed in a sealed envelope(s) addressed as follows:

**See Attached Service List**

☐   **BY MAIL**

I placed said document in an envelope addressed as shown on the service list. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice, said correspondence will be deposited with the United States Postal Service the same day in the ordinary course of business. I sealed said envelope and placed it for collection and mailing on the date stated below to the addressed stated on the attached service list, following the firm's ordinary business practices, and,

☐   **BY OVERNIGHT DELIVERY**

I enclosed a true and correct copy of said document in a GSO Overnight envelope addressed as set forth on the service list. The envelope was sealed and deposited with GSO Overnight the same day in the ordinary course of business at Los Angeles, California.

☐   **ESERVICE**.  Transmitting a copy of the foregoing document(s) via internet/electronic mail to a Court Approved e-filing/e-service portal ONELEGAL for service on all parties in this case via their email addresses pursuant to the General Court Order authorizing e-service of documents

☒   **ELECTRONIC MAIL** By transmitting a copy of the foregoing document(s) via internet/electronic mail from my email address shudnall@cgdrlaw.com for service on all parties in this case via their email addresses as shown below pursuant to [California Code of Civil Procedure §1010.6(e) or pursuant to agreement between the parties].

☒   **(STATE)**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **July 10, 2025**, at Los Angeles, California.

_____
SHÉREE HUDNALL

CHAPMAN GLUCKSMAN, P.C.
11900 WEST OLYMPIC BOULEVARD, SUITE 500
LOS ANGELES, CALIFORNIA 90064
TELEPHONE (310) 207-7722 | FAX (310) 207-6550
SERVICE@CGDRLAW.COM

0706.010

**CHAPMAN GLUCKSMAN, P.C.**
11900 WEST OLYMPIC BOULEVARD, SUITE 500
LOS ANGELES, CALIFORNIA 90064
TELEPHONE (310) 207-7722 | FAX (310) 207-6550
SERVICE@CGDRLAW.COM

ALAMEDA COUNTY SUPERIOR COURT CASE NO. 25CV121927

CG File No. 0706.010

## SERVICE LIST

| | |
|---|---|
| Matthew D. Haley, Esq.<br>Michael C. Haley, Esq.<br>**THE HALEY LAW OFFICES. P.C.**<br>1633 San Pablo Avenue<br>Oakland, CA 94612-1505<br>Telephone: (510) 444-1881<br>Facsimile: (510) 444-5108<br><br>Email: matt@haleylaw.com<br>Email: michael@haleylaw.com<br>Email: service@haleylaw.com | ***Attorney for Plaintiffs DOUG FOX and MARY FOX*** |
| Shawn Adrian Toliver, Esq.<br>LEWIS BRISBOIS BISGAARD & SMITH LLP<br>2185 N California Blvd Ste 300<br>Walnut Creek, CA 94596-3577<br>Phone: 925-357-3456  |  Fax: 925-478-3260<br><br>Email: shawn.toliver@lewisbrisbois.com | ***Attorney for Defendant TESLA INC*** |

**David A. Weinberger, Esq., Bar No. 192224**
**CHAPMAN GLUCKSMAN**
A PROFESSIONAL CORPORATION
11900 WEST OLYMPIC BOULEVARD, SUITE 500
LOS ANGELES, CALIFORNIA 90064-0704
TEL: (310) 207-7722 • FAX: (310) 207-6550
eService: service@cgdrlaw.com

Attorneys for Defendant, 880 LOGISTICS CENTER ILP, LLC

ELECTRONICALLY FILED
Superior Court of California,
County of Alameda
07/10/2025 at 12:58:40 PM
By: Brianne Demay,
Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF ALAMEDA, NORTHERN DISTRICT**

| | |
|---|---|
| DOUG FOX; MARY FOX, | Case No.: 25CV121927 |
| Plaintiffs, | Complaint Filed: May 9, 2025 |
| v. | Assigned for All Purposes to:<br>Judge: Hon. Mark Fickes<br>Dept: 518 - Hayward Hall of Justice |
| TESLA MOTORS, INC.; TESLA, INC., TESLA COMPANIES, INC.; 880 LOGISTICS CENTER ILP LLC.; and DOES 1 to 50, inclusive, | **DEFENDANT 880 LOGISTICS CENTER ILP, LLC'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT** |
| Defendants, | Trial Date: None Set |

TO ALL PARTIES AND COUNSEL OF RECORD:

Defendant, 880 LOGISTICS CENTER ILP, LLC (hereinafter "Defendant") respond to the unverified Complaint of Plaintiffs DOUG FOX; MARY FOX (hereinafter "Plaintiffs") as follows:

1.      Pursuant to Code of Civil Procedure Section 431.30, answering Defendant denies, generally and specifically, each and every allegation contained in Plaintiff's unverified Complaint, and the whole thereof, and further denies that, as a proximate result of any conduct on the part of answering Defendants, Plaintiff has been injured or damaged in the sum or sums alleged, or at all.

///

///

0706.010                                    1
DEFENDANT 880 LOGISTICS CENTER ILP, LLC'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

**CHAPMAN GLUCKSMAN, P.C.**
11900 WEST OLYMPIC BOULEVARD, SUITE 500
LOS ANGELES, CALIFORNIA 90064
TELEPHONE (310) 207-7722 | FAX (310) 207-6550
SERVICE@CGDRLAW.COM

**FIRST AFFIRMATIVE DEFENSE**

2.    Failure to State a Claim.  The Complaint and each and every purported count thereof, fails to state a claim for which relief can be granted against answering Defendant.

**SECOND AFFIRMATIVE DEFENSE**

3.    Statute of Limitations.  Answering Defendant alleges that the causes of action set forth in the Complaint is barred by the applicable statutes of limitations, including, but not limited to, the provisions of Sections 337(1), 337.1(a)(1), 337.1(a)(2), 337.1(b), 337.15(a)(2), 337.15(g), 338(b), 339(1), 340(1), 340(3), and 343 and 359 of the Code of Civil Procedure of the State of California.

**THIRD AFFIRMATIVE DEFENSE**

4.    Failure to Mitigate.  Plaintiff, though under a duty to do so, has failed and neglected to mitigate her alleged damages and, therefore, cannot recover against answering Defendant, whether as alleged or otherwise.

**FOURTH AFFIRMATIVE DEFENSE**

5.    Contribution.  Answering Defendant alleges that the damages suffered by the Plaintiff, if any, were the direct and proximate result of the negligence of parties, persons, corporations and/or entities other than answering Defendant, and that the liability of answering Defendant, if any, is limited in direct proportion to the percentage of fault actually attributable to answering Defendant.

**FIFTH AFFIRMATIVE DEFENSE**

6.    Contributory Negligence.  Answering Defendant is informed and believes, and thereon allege that, at all times mentioned herein, Plaintiff was negligent, careless, reckless and unlawfully conducted itself so as to directly and proximately contribute to the happening of the incident and the occurrence of the alleged damages, all of which said negligence bars either completely or partially the recovery sought by the Plaintiff.

**SIXTH AFFIRMATIVE DEFENSE**

7.    Estoppel.  Answering Defendants is informed and believes and thereon alleges, that the Plaintiff engaged in conduct and activities with respect to the subject of this litigation, contracts

CHAPMAN GLUCKSMAN, P.C.
11900 WEST OLYMPIC BOULEVARD, SUITE 500
LOS ANGELES, CALIFORNIA 90064
TELEPHONE (310) 207-7722 | FAX (310) 207-6550
SERVICE@CGDRLAW.COM

and incidents which are the subject of this complaint, and by reason of said activities and conduct is estopped from asserting any claims for damages or seeking any other relief against answering Defendant.

**SEVENTH AFFIRMATIVE DEFENSE**

8.    <u>Waiver</u>.  Answering Defendant is informed and believes and thereon alleges that the Plaintiff has engaged in conduct and activities sufficient to constitute a waiver of any alleged breach of duty, negligence, act, omission, or any other conduct, if any, as set forth in the Complaint.

**EIGHTH AFFIRMATIVE DEFENSE**

9.    <u>Intervening Superseding Causes</u>.  Answering Defendant is informed and believes and thereon alleges that the injuries and damages of which the Plaintiff complains were proximately caused by or contributed to by the acts of other Defendants, Cross-Defendants, persons and/or other entities and that said acts were an intervening and superseding cause of the injuries and damages, if any, of which the Plaintiff complains, thus barring Plaintiff from any recovery against answering Defendant.

**NINTH AFFIRMATIVE DEFENSE**

10.    <u>Assumption of the Risk</u>.  Answering Defendant alleges that Plaintiff expressly, voluntarily, and knowingly assumed all risks about which it complains in its Complaint and, therefore, is barred either totally or to the extent of said assumption from any damages.

**TENTH AFFIRMATIVE DEFENSE**

11.    <u>Active and Primary Liability</u>.  The Plaintiff's conduct, as alleged in the principal action, and as described in the Complaint, was such that any and all liability based thereon was active and primary in nature, so as to preclude any recovery sought in the Complaint.

**ELEVENTH AFFIRMATIVE DEFENSE**

12.    <u>Laches</u>.  Plaintiff waited an unreasonable period of time before asserting its claims, if any, against answering Defendant and is barred from asserting such claims under the doctrine of laches.

/ / /

/ / /

CHAPMAN GLUCKSMAN, P.C.
11900 WEST OLYMPIC BOULEVARD, SUITE 500
LOS ANGELES, CALIFORNIA 90064
TELEPHONE (310) 207-7722 | FAX (310) 207-6550
SERVICE@CGDRLAW.COM

**TWELFTH AFFIRMATIVE DEFENSE**

13.    Unclean Hands.  Plaintiff is barred by the equitable doctrine of unclean hands from obtaining the relief requested.

**THIRTEENTH AFFIRMATIVE DEFENSE**

14.    Costs.  Answering Defendant is informed and believes and thereon alleges that the Complaint was brought without reasonable cause and without a good faith belief that there was a justifiable controversy under the facts of the law which warranted the filing of the Complaint against answering Defendant.  Plaintiff should therefore be responsible for all Defendant's necessary and reasonable defense costs, as more particularly set forth in California Code of Civil Procedure §1038.

**FOURTEENTH AFFIRMATIVE DEFENSE**

15.    Conduct was Justified.  The conduct of answering Defendant in regard to the matters alleged in the Complaint was justified, and by reason of the foregoing, Plaintiff is barred from any recovery against answering Defendant.

**FIFTEENTH AFFIRMATIVE DEFENSE**

16.    Complete Performance.  Answering Defendant has appropriately, completely and fully performed and discharged any and all obligations and legal duties arising out of the matters alleged in the Complaint.

**SIXTEENTH AFFIRMATIVE DEFENSE**

17.    Reservation.  Answering Defendant presently has insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated affirmative defenses available.  Defendant reserves herein the right to assert additional defenses in the event that the discovery indicates that they would be appropriate.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

18.    Comparative Fault of Third Parties.  Answering Defendant is informed and believes and upon such information and belief alleges that the accident and the injuries, if any, allegedly suffered by Plaintiff were proximately caused and contributed to by the negligence of third parties

CHAPMAN GLUCKSMAN, P.C.
11900 WEST OLYMPIC BOULEVARD, SUITE 500
LOS ANGELES, CALIFORNIA 90064
TELEPHONE (310) 207-7722 | FAX (310) 207-6550
SERVICE@CGDRLAW.COM

(not the Plaintiff or answering Defendant) and that said third parties failed to exercise reasonable care at and prior to the time of said damages, and by reason thereof any recovery by Plaintiff against answering Defendant must be reduced by an amount equal to the proportionate fault of said third parties.

### EIGHTEENTH AFFIRMATIVE DEFENSE

19.    Lack of Equity.  As between answering Defendant and Plaintiff, the equities do not preponderate in favor of Plaintiff so as to allow recovery based on equitable indemnity.

### NINETIETH AFFIRMATIVE DEFENSE

20.    Act of God.  Answering Defendant is informed and believes and on that basis alleges that any and all injuries, losses or damages, if any, were the direct and proximate result of an unavoidable incident or condition and, as such, were an act of God, without fault or liability on the part of answering Defendant.

### TWENTIETH AFFIRMATIVE DEFENSE

21.    Lack of Standing.  Answering Defendant is informed and believes and thereon alleges that the Plaintiff herein lacks standing to bring said action against answering Defendants by Plaintiff.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

22.    Several Liability.  Answering Defendant is informed and believes and on that basis allege that, along with the Plaintiff, Cross-Defendants are responsible for Plaintiff's economic and non-economic damages, if any, pursuant to Civil Code §§1431, 1431.2, 1431.3, 1431.4 and 1431.5, in that Plaintiff's recovery against answering Defendant for any non-economic damages is barred except as to those non-economic damages specifically apportioned to answering Defendant.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

23.    Standard of Care.  Answering Defendant is informed and believes, and on that basis allege that, at no time prior to the filing of this action, neither the Plaintiff nor any agent, representative or employee thereof notified answering Defendant of any breach of any contract, warranty or duty to Plaintiff.  By reason of the failure to notify, Plaintiff is barred from any alleged right of recovery from answering Defendant.  Furthermore, answering Defendant alleges that

CHAPMAN GLUCKSMAN, P.C.
11900 WEST OLYMPIC BOULEVARD, SUITE 500
LOS ANGELES, CALIFORNIA 90064
TELEPHONE (310) 207-7722 | FAX (310) 207-6550
SERVICE@CGDRLAW.COM

DEFENDANT 880 LOGISTICS CENTER ILP, LLC'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

Plaintiff is barred and precluded from any recovery in this action because answering Defendant at all times complied with the applicable standard of care required at the time of the incident.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

24.     <u>Failure to Notify</u>.  Answering Defendants are informed and believe, and on that basis allege, that if any defects or inadequacies in the work performed by answering Defendant, which Defendant denies, Plaintiff failed to timely notify answering Defendants of such conditions and failed to give answering Defendants timely opportunity to address such conditions.  This conduct by Plaintiff bars it from any relief from answering Defendants.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

25.     <u>Res Judicata and Collateral Estoppel</u>.  That the complaint and each and every purported cause of action contained therein, is barred either wholly or in part by the doctrines of collateral estoppel and res judicata.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

26.     <u>Liability and Waiver.</u>  Plaintiff signed a Release of Liability and Waiver barring the subject action.

### PRAYER

WHEREFORE, Defendants pray:

1.     Plaintiff takes nothing by way of her Complaint;

2.     Answering Defendant be awarded cost of suit incurred;

3.     If liability is assessed upon answering Defendant, the liability attributed to answering Defendant be limited in direct proportion to the percentage of fault actually attributable to answering Defendant;

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**CHAPMAN GLUCKSMAN, P.C.**
11900 WEST OLYMPIC BOULEVARD, SUITE 500
LOS ANGELES, CALIFORNIA 90064
TELEPHONE (310) 207-7722 | FAX (310) 207-6550
SERVICE@CGDRLAW.COM

4.     For such other and further relief as the Court deems just and proper; and

For attorneys' fees according to proof.

DATED:   July 10, 2025

**CHAPMAN GLUCKSMAN**
  A Professional Corporation

By:_____
     **DAVID A. WEINBERGER**
Attorneys for **Defendant**, 880 LOGISTICS
CENTER ILP, LLC

**CHAPMAN GLUCKSMAN, P.C.**
11900 WEST OLYMPIC BOULEVARD, SUITE 500
LOS ANGELES, CALIFORNIA 90064
TELEPHONE (310) 207-7722 | FAX (310) 207-6550
SERVICE@CGDRLAW.COM

DEFENDANT 880 LOGISTICS CENTER ILP, LLC'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

**CHAPMAN GLUCKSMAN, P.C.**
11900 WEST OLYMPIC BOULEVARD, SUITE 500
LOS ANGELES, CALIFORNIA 90064
TELEPHONE (310) 207-7722 | FAX (310) 207-6550
SERVICE@CGDRLAW.COM

## PROOF OF SERVICE

**STATE OF CALIFORNIA**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 11900 W. Olympic Boulevard, Suite 800, Los Angeles, California 90064.

On **July 10, 2025**, I served the foregoing document described as DEFENDANT 880 LOGISTICS CENTER ILP, LLC'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT on the parties in this action by placing a true copy(ies) or the original(s) thereof enclosed in a sealed envelope(s) addressed as follows:

**See Attached Service List**

☐ **BY MAIL**

I placed said document in an envelope addressed as shown on the service list. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice, said correspondence will be deposited with the United States Postal Service the same day in the ordinary course of business. I sealed said envelope and placed it for collection and mailing on the date stated below to the addressed stated on the attached service list, following the firm's ordinary business practices, and,

☐ **BY OVERNIGHT DELIVERY**

I enclosed a true and correct copy of said document in a GSO Overnight envelope addressed as set forth on the service list. The envelope was sealed and deposited with GSO Overnight the same day in the ordinary course of business at Los Angeles, California.

☐ **ESERVICE**. Transmitting a copy of the foregoing document(s) via internet/electronic mail to a Court Approved e-filing/e-service portal ONELEGAL for service on all parties in this case via their email addresses pursuant to the General Court Order authorizing e-service of documents

☒ **ELECTRONIC MAIL** By transmitting a copy of the foregoing document(s) via internet/electronic mail from my email address shudnall@cgdrlaw.com for service on all parties in this case via their email addresses as shown below pursuant to [California Code of Civil Procedure §1010.6(e) or pursuant to agreement between the parties].

☒ **(STATE)**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **July 10, 2025**, at Los Angeles, California.

_____
SHÉREE HUDNALL

0706.010

1

PROOF OF SERVICE

ALAMEDA COUNTY SUPERIOR COURT CASE NO. 25CV121927

CG File No. 0706.010

**SERVICE LIST**

| | |
|---|---|
| Matthew D. Haley, Esq.<br>Michael C. Haley, Esq.<br>**THE HALEY LAW OFFICES. P.C.**<br>1633 San Pablo Avenue<br>Oakland, CA 94612-1505<br>Telephone: (510) 444-1881<br>Facsimile: (510) 444-5108<br><br>Email: matt@haleylaw.com<br>Email: michael@haleylaw.com<br>Email: service@haleylaw.com | ***Attorney for Plaintiffs DOUG FOX and MARY FOX*** |
| Shawn Adrian Toliver, Esq.<br>LEWIS BRISBOIS BISGAARD & SMITH LLP<br> 2185 N California Blvd Ste 300<br>Walnut Creek, CA 94596-3577<br>Phone: 925-357-3456  |  Fax: 925-478-3260<br><br>Email: shawn.toliver@lewisbrisbois.com | ***Attorney for Defendant TESLA, INC.*** |

<div style="margin-left:-40px">

**CHAPMAN GLUCKSMAN, P.C.**
11900 WEST OLYMPIC BOULEVARD, SUITE 500
LOS ANGELES, CALIFORNIA 90064
TELEPHONE (310) 207-7722 | FAX (310) 207-6550
SERVICE@CGDRLAW.COM

</div>

0706.010

2

PROOF OF SERVICE

Electronically Received 07/10/2026 12:58 PM

CHAPMAN GLUCKSMAN, P.C.
11900 WEST OLYMPIC BOULEVARD, SUITE 500
LOS ANGELES, CALIFORNIA 90064
TELEPHONE (310) 207-7722 | FAX (310) 207-6550
SERVICE@CGDRLAW.COM

**David A. Weinberger, Esq., Bar No. 192224**
**CHAPMAN GLUCKSMAN**
A PROFESSIONAL CORPORATION
11900 WEST OLYMPIC BOULEVARD, SUITE 500
LOS ANGELES, CALIFORNIA 90064-0704
TEL: (310) 207-7722 • FAX: (310) 207-6550
eService: service@cgdrlaw.com

Attorneys for Defendant, 880 LOGISTICS CENTER ILP, LLC

ELECTRONICALLY FILED
Superior Court of California
County of Alameda
07/10/2025
Chad Finke, Executive Officer / Clerk of the Court
By: _____ B. Demay _____ Deputy

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF ALAMEDA, NORTHERN DISTRICT**

| | |
|---|---|
| DOUG FOX; MARY FOX, | Case No.: 25CV121927 |
| Plaintiffs, | Complaint Filed: May 9, 2025 |
| v. | Assigned for All Purposes to:<br>Judge: Hon. Mark Fickes<br>Dept: 518 - Hayward Hall of Justice |
| TESLA MOTORS, INC.; TESLA, INC., TESLA COMPANIES, INC.; 880 LOGISTICS CENTER ILP LLC.; and DOES 1 to 50, inclusive, | **NOTICE OF POSTING JURY FEES, DEMAND FOR JURY TRIAL** |
| Defendants, | **Trial Date: None Set** |

**TO CLERK OF THE COURT, ALL PARTIES HEREIN AND THEIR COUNSEL OF RECORD**:

**PLEASE TAKE NOTICE** Defendant, 880 LOGISTICS CENTER ILP, LLC hereby endorse their above Answer to Plaintiff's unverified Complaint with a demand that the trial in the above-captioned matter be tried before a jury.

**PLEASE TAKE NOTICE** that Defendant, 880 LOGISTICS CENTER ILP, LLC hereby submits a jury fee deposit in the amount of $150.00 in the above-entitled action pursuant to California Code of Civil Procedure § 631(b).

0706.010

1

DATED:    July 10, 2025

**CHAPMAN GLUCKSMAN**
A Professional Corporation

By: _____

   **DAVID A. WEINBERGER**
Attorneys for **Defendant**, 880 LOGISTICS
CENTER ILP, LLC

**CHAPMAN GLUCKSMAN, P.C.**
11900 WEST OLYMPIC BOULEVARD, SUITE 500
LOS ANGELES, CALIFORNIA 90064
TELEPHONE (310) 207-7722 | FAX (310) 207-6550
SERVICE@CGDRLAW.COM

0706.010                                    2

NOTICE OF POSTING JURY FEES, DEMAND FOR JURY TRIAL

**CHAPMAN GLUCKSMAN, P.C.**
11900 WEST OLYMPIC BOULEVARD, SUITE 500
LOS ANGELES, CALIFORNIA 90064
TELEPHONE (310) 207-7722 | FAX (310) 207-6550
SERVICE@CGDRLAW.COM

**PROOF OF SERVICE**

**STATE OF CALIFORNIA**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 11900 W. Olympic Boulevard, Suite 800, Los Angeles, California 90064.

On **July 10, 2025**, I served the foregoing document described as NOTICE OF POSTING JURY FEES, DEMAND FOR JURY TRIAL on the parties in this action by placing a true copy(ies) or the original(s) thereof enclosed in a sealed envelope(s) addressed as follows:

**See Attached Service List**

☐ **BY MAIL**

I placed said document in an envelope addressed as shown on the service list. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice, said correspondence will be deposited with the United States Postal Service the same day in the ordinary course of business. I sealed said envelope and placed it for collection and mailing on the date stated below to the addressed stated on the attached service list, following the firm's ordinary business practices, and,

☐ **BY OVERNIGHT DELIVERY**

I enclosed a true and correct copy of said document in a GSO Overnight envelope addressed as set forth on the service list. The envelope was sealed and deposited with GSO Overnight the same day in the ordinary course of business at Los Angeles, California.

☐ **ESERVICE**. Transmitting a copy of the foregoing document(s) via internet/electronic mail to a Court Approved e-filing/e-service portal ONELEGAL for service on all parties in this case via their email addresses pursuant to the General Court Order authorizing e-service of documents

☒ **ELECTRONIC MAIL** By transmitting a copy of the foregoing document(s) via internet/electronic mail from my email address shudnall@cgdrlaw.com for service on all parties in this case via their email addresses as shown below pursuant to [California Code of Civil Procedure §1010.6(e) or pursuant to agreement between the parties].

☒ **(STATE)**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **July 10, 2025**, at Los Angeles, California.

_____
SHÉREE HUDNALL

0706.010

PROOF OF SERVICE

ALAMEDA COUNTY SUPERIOR COURT CASE NO. 25CV121927

CG File No. 0706.010

**SERVICE LIST**

| Matthew D. Haley, Esq.<br>Michael C. Haley, Esq.<br>**THE HALEY LAW OFFICES. P.C.**<br>1633 San Pablo Avenue<br>Oakland, CA 94612-1505<br>Telephone: (510) 444-1881<br>Facsimile: (510) 444-5108<br><br>Email: matt@haleylaw.com<br>Email: michael@haleylaw.com<br>Email: service@haleylaw.com | ***Attorney for Plaintiffs DOUG FOX and MARY FOX*** |
|---|---|
| Shawn Adrian Toliver, Esq.<br>**LEWIS BRISBOIS BISGAARD & SMITH LLP**<br> 2185 N California Blvd Ste 300<br>Walnut Creek, CA 94596-3577<br>Phone: 925-357-3456  |  Fax: 925-478-3260<br><br>Email: shawn.toliver@lewisbrisbois.com | ***Attorney for Defendant TESLA, INC.*** |

**CHAPMAN GLUCKSMAN, P.C.**<br>11900 WEST OLYMPIC BOULEVARD, SUITE 500<br>LOS ANGELES, CALIFORNIA 90064<br>TELEPHONE (310) 207-7722 | FAX (310) 207-6550<br>SERVICE@CGDRLAW.COM

0706.010

2

PROOF OF SERVICE

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF ALAMEDA**

**25CV121927: FOX, et al. vs TESLA MOTORS, INC, et al.**
**06/09/2026 Hearing on Motion for Leave to Amend Complaint; filed by DOUG FOX**
**(Plaintiff) + CRS# 193769261958 in Department 518**

Tentative Ruling - 06/05/2026 Mark Fickes

The Motion for Leave NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT filed by DOUG FOX, MARY FOX, on 05/11/2026 is Granted.

Plaintiffs, Doug and Mary Fox, seek permission to amend their complaint to insert the correct address of the incident site, correct an allegation regarding the timing of the trailer being unloaded, and remove a defendant that has been dismissed. (MPA, pp. 2, 7.) A copy of the proposed amended complaint is allegedly attached to Matthew Haley's declaration at exhibit A. (CRC, rule 3.1324(a).) However, the exhibits do not appear to be loaded to eCourt. Plaintiff is required to e-file the missing exhibits to rectify this issue.

A trial date has been set for September 8, 2026.

Defendant, Tesla Motors, Inc., has not opposed this motion and therefore has presented no evidence of prejudice. Absent a showing of prejudice to the adverse party, the rule of great liberality in allowing amendment of pleadings will prevail. (*Board of Trustees v. Superior Court* (2007) 149 Cal.App.4th 1154, 1163.)

**Order**

Plaintiff's unopposed motion for leave to file an amended complaint is therefore GRANTED. (CCP §§ 473 (a)(1); 576.)

Plaintiff shall file and serve the first amended complaint no later than July 10, 2026.

---

PLEASE NOTE: Pursuant to California Rule of Court 3.1308, subdivision (a)(1), this tentative ruling will become the order of the Court unless it is contested before 4:00 PM on the court day preceding the noticed hearing.

To contest a tentative ruling, a party should do the following:

First, the party must notify Department 518, by email at Dept518@alameda.courts.ca.gov and copy all counsel of record and self-represented parties. The contesting party must state in the subject line of the email the case name, case number and motion.

Second, the party shall log into the eCourt Public Portal, search for this case (e.g., by case number), select the case name, select the "Tentative Rulings" tab, click the "Click to Contest this

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF ALAMEDA**

**25CV121927: FOX, et al. vs TESLA MOTORS, INC, et al.**
**06/09/2026 Hearing on Motion for Leave to Amend Complaint; filed by DOUG FOX**
**(Plaintiff) + CRS# 193769261958 in Department 518**

Ruling" button, enter the party's name and a brief statement of the party's reason for contesting the tentative, and click "Proceed."


**Please note** the Court does not permit remote appearances for motions for summary judgment that are contested. If you contest a Motion for Summary Judgment, you must appear in person.

For all other motions (unless otherwise noted in the tentative ruling), Parties may appear via videoconference, using the Zoom.com website or application.
TO CONNECT TO ZOOM:
Department 518 is inviting you to a scheduled ZoomGov meeting.

Topic: Department 518's Personal Meeting Room

Join ZoomGov Meeting
https://alameda-courts-ca-gov.zoomgov.com/j/16054307984

Meeting ID: 160 5430 7984

One tap mobile
+16692545252,,16054307984# US (San Jose)
+14154494000,,16054307984# US (US Spanish Line)


---

Dial by your location
• +1 669 254 5252 US (San Jose)

Matthew D. Haley, Esq.
State Bar No.: 104493
Michael C. Haley, Esq.
State Bar No.: 326066
THE HALEY LAW OFFICES. P.C.
1633 San Pablo Avenue
Oakland, CA 94612-1505
Telephone: (510) 444-1881
Facsimile: (510) 444-5108
Email: matt@haleylaw.com
Email: michael@haleylaw.com
Email: service@haleylaw.com

*Attorneys for Plaintiffs*
DOUG FOX and MARY FOX

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ALAMEDA -UNLIMITED JURISDICTION

| | |
|---|---|
| DOUG FOX; MARY FOX, | ) Case No.: 25CV121927 |
| Plaintiff, | ) |
| vs. | ) **FIRST AMENDED COMPLAINT** |
| TESLA MOTORS, INC.; TESLA, INC., TESLA COMPANIES, INC.; and DOES 1 to 50, inclusive, | ) *Assigned for All Purposes to Honorable Judge Mark Fickes* |
| | ) Dept.:    518 |
| Defendants. | ) |
| | ) Complaint Filed:    May 6, 2025 |
| | ) Trial Date:    September 8, 2026 |

1

**FIRST AMENDED COMPLAINT**

Plaintiffs allege:

## GENERAL ALLEGATIONS

1.     The true names or capacities, whether individual, corporate, associate or otherwise, of defendants Doe One to Doe Fifty are unknown to plaintiffs who therefore sue said defendants by such fictitious names. Plaintiffs will amend their complaint by inserting the true names or capacities, with appropriate charging allegations, when the same is ascertained. Plaintiffs are informed and believes and based thereon alleges that each of the defendants named herein as a Doe is negligently or in some other manner responsible for the events and happenings herein referred to and caused injury and damages thereby to the Plaintiffs as herein alleged.

2.     Plaintiffs are informed and believes and based thereon allege that at all times mentioned herein each defendant was the joint venturer, agent and/or employee of each other defendant and was acting within the course and scope of that joint venture, agency and/or employment.

3.     At all times herein mentioned, Defendants TESLA MOTORS, INC., TESLA, INC., and TESLA COMPANIES, INC. (hereinafter "TESLA"), (hereinafter "TESLA") are foreign corporations that own, operate, manage and direct a warehouse facility including a loading dock at *47700* Kato Road in Fremont, California where parts and other items used in the manufacturing and construction of Tesla vehicles are delivered.

4.     At all times mentioned herein, Plaintiff DOUG FOX was married to and resided with Plaintiff MARY FOX.

5.     At all times mentioned herein, Plaintiff DOUG FOX, was a properly truck driver qualified and licensed to operate big rigs including tractors and trailers.

6.     On May 10, 2023, Plaintiff DOUG FOX picked up a load of materials in Santa Clara, California and drove to *47700* Kato Road in Fremont, California where they were to be delivered and unloaded.

///

///

///

2

**FIRST AMENDED COMPLAINT**

7.    After unloading, Plaintiff DOUG FOX backed his trailer into the loading bay of the facility and exited his truck to allow it to be loaded.

8.    Affixed to the wall of the loading dock was a long chain at the end of which was a chock block used to secure the wheels of the trailer while being unloaded.

9.    The chains are a tripping hazard for any person, including plaintiff DOUG FOX, who walks around the rear of the trailer and is a tripping hazard.

10.    On May 10, 2023, Plaintiff DOUG FOX walked behind the trailer as it was parked, tripped over the chain and fell, sustaining injuries.

## [FIRST CAUSE OF ACTION FOR NEGLIGENCE BY DOUG FOX AGAINST DEFENDANT TESLA  and Does One through 10 inclusive]

11.    Plaintiffs incorporate by reference paragraphs 1 -11 as though fully set forth herein.

12.    At said time and place, defendants, and each of them, were negligent and careless in maintenance of the property and as a result, the property was in a dangerous and defective condition that created a hazard for drivers and others at the facility.

13.    At that time, an area of the premises was in a dangerous and defective condition in the following ways, and others:

a.    The premises were not properly maintained;

b.    The unsafe chain had been created by defendant and placed in an area where drivers and others were certain to be walking.

c.    No signage or markings or warning paint had been placed to warn users of the presence of the dangerous chain.

d.    The chain was not required or needed in order to load or unload the trailers.

e.    The placement of the chain was done without proper investigation, analysis or permitting.

f.    Lighting in the area behind the parked trucks and the loading dock where the chains lay were insufficient and it was difficult to see.

///

///

3

**FIRST AMENDED COMPLAINT**

14. Defendants, and each of them, had actual and constructive knowledge of said dangerous conditions long prior to the incident and failed to alleviate the danger or warn patrons of it.

15. As a legal result of the actions of defendants, and each of them, as aforesaid, Plaintiff DOUG FOX fell was hurt and injured in his health, strength and activity, sustaining shock and injury to his nervous system and person, all of which said injuries have caused and continue to cause him great mental, physical and nervous pain and suffering. Plaintiff is informed and believes and based thereon alleges that said injuries will be permanent in nature, all to his general and non-economic damage within the jurisdictional limits of this court.

16. As a further legal result of the negligence of defendants, and each of them, as aforesaid, plaintiff has required medical treatment and will continue to require medical treatment in the future. Medical and incidental expenses have been incurred and will continue to be incurred on Plaintiff's behalf. The exact amount of those expenses are unknown at this time but Plaintiff prays leave to amend his complaint to allege the exact amount when the same is ascertained.

17. As a further legal result of the negligence of defendants, and each of them, as aforesaid, Plaintiff has lost and will continue to lose in the future earnings and/or the capacity to earn income. The exact amount of these losses are unknown at this time but Plaintiffs prays leave to amend his complaint to allege the exact amount when the same is ascertained.

WHEREFORE Plaintiff DOUG FOX prays for judgment as hereinafter set forth:

**[SECOND CAUSE OF ACTION FOR NEGLIGENCE AND LOSS OF CONSORTIUM BY MARY FOX AGAINST DEFENDANT TESLA and Does One through 10 inclusive]**

18. Plaintiffs incorporate by reference paragraphs 1 -16 as though fully set forth herein.

19. As a result of serious injuries to Plaintiff DOUG FOX, Plaintiff MARY FOX has sustained injuries and damage to their marriage and a loss of consortium including but not limited to the loss of love, society, care, comfort, affection, companionship, sexual relations, solace and moral support and said losses will continue in the future.

///

///

**FIRST AMENDED COMPLAINT**

20.     As a further legal result of serious injuries to Plaintiff DOUG FOX, Plaintiff MARY FOX has sustained a loss in the form of household services, and said losses will continue in the future.

WHEREFORE Plaintiff DOUG FOX prays for judgment as follows:

1.     For non-economic damages, according to proof, in excess of the minimum jurisdictional limit of this court;

2.     For economic damages for medical and related expenses, according to proof, in excess of the minimum jurisdictional limit of this court;

3.     For economic damages for loss of earning capacity, loss of earnings, loss of business, loss of profits, according to proof;

4.     For damages for Plaintiffs' other economic losses, according to proof;

5.     For interest, as permitted by law;

6.     For Plaintiffs' costs of suit incurred herein; and,

7.     For such other and further relief as the court deems just and proper.

WHEREFORE Plaintiff MARY FOX prays for judgment as follows:

1.     For non-economic damages, according to proof, in excess of the minimum jurisdictional limit of this court;

2.     For economic damages for medical and related expenses, according to proof, in excess of the minimum jurisdictional limit of this court;

3.     For economic damages for loss of earning capacity, loss of earnings, loss of business, loss of profits, according to proof;

4.     For damages for Plaintiffs' other economic losses, including loss of household services, according to proof;

5.     For interest, as permitted by law;

6.     For Plaintiffs' costs of suit incurred herein; and,

7.     For such other and further relief as the court deems just and proper.

**FIRST AMENDED COMPLAINT**

DATED:  May 8, 2026

Respectfully Submitted,

THE HALEY LAW OFFICES, P.C.

By: _____

Matthew D. Haley, Esq.
Michael C. Haley, Esq.

*Attorneys for Plaintiffs*
DOUG FOX and MARY FOX

**FIRST AMENDED COMPLAINT**

## PROOF OF SERVICE

I, the undersigned, declare as follows: I am over 18 years of age and not a party to the within action. My business address is 1633 San Pablo Avenue, Oakland, California, 94612-1505, which is located in the county where the mailing described below took place. On the date listed below, I served the foregoing document(s) described as

## FIRST AMENDED COMPLAINT

☒    (EMAIL) by transmitting via email based on a court order or an agreement of the parties to accept service by email or electronic transmission, I caused the documents to be sent to the persons at the email address(es) listed below or on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

Marilou R. Bustonera, Esq.
Brandon O, Esq.
LEWIS BRISBOIS BISGAARD & SMITH LLP
2185 North California Boulevard, Suite 300
Walnut Creek, California 94596
Telephone: 925-357-3456
Marilou.Bustonera@lewisbrisbois.com
Brandon.O@lewisbrisbois.com
Josette.Castro@lewisbrisbois.com

*Attorneys for Defendants*
TESLA, INC. (erroneously sued herein as TESLA MOTORS, INC.; TESLA, INC., and TESLA COMPANIES, INC.)

David A. Weinberger, Esq.
CHAPMAN GLUCKSMAN
A PROFESSIONAL CORPORATION
11900 West Olympic Boulevard, Suite 500
Los Angeles, California 90064-0704
Tel: (310) 207-7722
Fax: (310) 207-6550
dweinberger@cgdrlaw.com
service@cgdrlaw.com
shudnall@cgdrlaw.com

*Attorneys for Defendant*
880 LOGISTICS CENTER ILP LLC

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on June 23, 2026, at Alameda, California.

*Sandra Muniz*
Sandra Muniz